■ Brandon Parker, Appellant, v State of New York, Respondent. [661 NYS2d 868] —Peters, J. Appeal from a judgment of the Court of Claims (Benza, J.), entered April 23, 1996, which dismissed the claim for failure to state a cause of action.

In December 1994, claimant, an inmate at Bare Hill Correctional Facility in Franklin County, went to the infirmary complaining of pain caused by a bone protruding from the bottom of his right foot. He was seen by a podiatrist outside of the facility who prescribed special boots to address the malady. Claimant subsequently learned that he could not obtain the special boots because they had a metal bar (arch support) which was prohibited by the rules of the facility and the Department of Correctional Services. In September 1995, claimant sought permission to file a late claim against the State alleging that the State was negligent in failing to provide him with the special boots or in failing to otherwise provide him with adequate medical care. The Court of Claims denied the application on the ground that claimant had not established any merit to his proposed claims (*see*, Court of Claims Act § 10 [6]).

In January 1996, claimant filed an "amended claim" which made the same allegations as advanced in his September 1995 application, but which added allegations that he had received the special boots (minus the metal bar) which did not remedy the problem. Claimant alleged that this caused him to repeatedly utilize the "sick-call" procedure at the facility wherein he was told that there was nothing further that could be done to cure his foot problem. He also maintained that the course of

continuous treatment he underwent between the date of his initial application to file a late claim until the date of his amended claim precluded his claim from being untimely. The State moved to dismiss the claim pursuant to CPLR 3211 (a) and the Court of Claims granted the motion on the basis that the amended claim failed to state a cause of action. Claimant now appeals.

We affirm. To the extent that those allegations in the amended claim which allege negligence and medical malpractice committed by the State prior to September 1995 are virtually identical to those advanced in claimant's prior motion to file a late claim, which were found to be lacking in merit, we agree that claimant appears to be attempting to circumvent the Court of Claims' prior decision. In any event, even affording the pleadings a liberal construction, accepting claimant's allegations as true and according him the benefit of every possible favorable inference (*see, Leon v Martinez*, 84 NY2d 83, 87-88), claimant has failed to demonstrate that he has a cause of action. In his brief, claimant maintains that his amended claim alleges that the podiatrist who had initially prescribed the special boots misdiagnosed his foot malady. To succeed on such a claim, which sounds in medical malpractice, claimant must allege, *inter alia*, that the physician deviated from accepted medical practice and that the alleged deviation proximately caused his injuries (*see, Fridovich v David*, 188 AD2d 984, 985). In this case, claimant has failed to allege either element. Accordingly, in our view, the pleadings were clearly deficient and the amended claim was properly dismissed on this ground (*see*, CPLR 3211 [a] [7]). In light of this holding, we need not reach claimant's remaining argument.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.