■ ANTHONY TOXEY, Appellant, v STATE OF NEW YORK, Respondent. [719 NYS2d 765] —Lahtinen, J. Appeal from an order of the Court of Claims (Hanifin, J.), entered December 9, 1999, which, *inter alia*, granted the State's motion to dismiss the claim for failure to timely file and serve a claim.

Claimant broke the fifth finger of his right hand on January 25, 1996 while he was an inmate at a State correctional facility. X rays were taken and read by a radiologist a few days

---

later but the fracture was not diagnosed until March 5, 1996 when the X rays were reviewed by another doctor. On April 15, 1996 claimant filed a notice of intention to file a claim alleging the misdiagnosis resulted in a deformity and disfiguration of the finger. Claimant was released from custody in January 1998 and alleges that he received continuous treatment from the State's doctors during his period of incarceration. On July 24, 1998 claimant, through counsel, filed a claim for damages resulting from the alleged malpractice by serving the Attorney General by express mail.

The State moved to dismiss on the grounds that the claim was not filed within two years from the date it accrued (*see,* Court of Claims Act § 10 [3]) and that service by express mail did not comply with the service requirements of Court of Claims Act § 11, which provides that claims shall be served personally or by certified mail, return receipt requested. Claimant opposed the State's motion, alleging that the continuous treatment doctrine tolled the Statute of Limitations until January 1998 or, alternatively, sought an order "that Claimant be deemed to be granted permission to file pursuant to Subdivision 6 of Section 10 of the Court of Claims Act." The Court of Claims granted the State's motion dismissing the claim, rejecting claimant's argument that the doctrine of continuous treatment applied to these facts, and denied claimant's request to file a late claim. Claimant appeals and we affirm.

On appeal claimant first argues that the Court of Claims erred in not applying the continuous treatment doctrine to extend the applicable two-year Statute of Limitations (*see,* Court of Claims Act § 10 [3]). We disagree. "The doctrine rests on the premise that it is in the patient's best interest that an ongoing course of treatment be continued, rather than interrupted by a lawsuit, because 'the doctor not only is in a position to identify and correct his or her malpractice, but is best placed to do so'" (*Nykorchuck v Henriques,* 78 NY2d 255, 258, quoting *McDermott v Torre,* 56 NY2d 399, 408). Here claimant's malpractice action rests on the allegation that the radiologist who first viewed the X rays failed to make a timely diagnosis and establish a proper course of treatment for his broken finger, omissions that have been held not to amount to continuous treatment (*see, Young v New York City Health & Hosps. Corp.,* 91 NY2d 291, 297). Moreover, claimant acknowledges the end of medical treatment for his finger in his April 15, 1996 notice of intention to file a claim, when he states "that his finger had healed (in a deformed manner), and medical treatment at that juncture was unnecessary." Additionally, we agree

with the Court of Claims that claimant's initiation of the legal process on April 15, 1996 clearly severed any continuing relationship of trust in the physician-patient relationship and ended any "continuous treatment tolling" at that point (*see, Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 339).

Turning to claimant's other argument, that the Court of Claims abused its discretion in denying claimant's request to file a late notice of claim, "it is well settled that the Court of Claims' broad discretion in this area should be disturbed only in the face of clear abuse" (*Calco v State of New York*, 165 AD2d 117, 119, *lv denied* 78 NY2d 852). We find nothing in our review of this record which requires our intervention (*see, Sega v State of New York*, 246 AD2d 753, 755, *lv denied* 92 NY2d 805).

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.