■ ROBERT O'CONNOR, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 107709.) [790 NYS2d 569]—

Carpinello, J. Appeal from an order of the Court of Claims (Lebous, J.), entered March 2, 2004, which, inter alia, granted defendant's cross motion to dismiss the claim.

Claimant, a prison inmate, alleges that he was the victim of dental malpractice while incarcerated because facility dentists refused to authorize a new permanent bridge to replace a weakened prosthesis thereby exposing him to potential tooth loss. While claimant's notice of intention to file a claim for this complaint was served on the Attorney General on April 5, 2001, the claim itself was not served until May 12, 2003. Ultimately, the Court of Claims dismissed the claim as untimely since it was not filed and served within two years of its accrual, a period it measured from the date of the filing of the notice of intention to file a claim (see Court of Claims Act § 10 [3]).

On appeal, claimant relies on the continuous treatment doctrine to salvage his claim and recites that dental services were rendered to him after he filed his notice of intention to file a claim. We are unpersuaded. We have already held under like circumstances that the initiation of legal process by the filing of a notice of intention to file a claim "clearly sever[s] any continuing relationship of trust in the physician-patient relationship and end[s] any 'continuous treatment tolling' at that point" (Toxey v State of New York, 279 AD2d 927, 929 [2001], lv denied 96 NY2d 711 [2001]). Even though claimant had no choice but to submit to treatment by facility dentists during his continued period of incarceration, his unequivocal act of signaling legal proceedings by the filing of the notice of intention to file a claim sufficiently memorializes the end of confidence in his course of treatment such that his claim should have been timely filed thereafter (see Schloss v Albany Med. Ctr., 278 AD2d 614, 615 [2000], lv denied 96 NY2d 707 [2001]).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.