OPINION OF THE COURT
James H. Ferreira, J.
The court finds in the first instance that it must vacate its September 20, 2006 daily report to the extent that the order imposes a temporal restriction on defendant’s ability to move the court for an order dismissing the claim for lack of subject matter jurisdiction. It is well settled that the “substantive conditions upon the State’s waiver of sovereign immunity” found within Court of Claims Act § 11 (b) are concerned with the court’s subject matter jurisdiction (Lepkowski v State of New York, 1 NY3d 201, 207 [2003]). The law is clear — “[a] lack of subject matter jurisdiction is a defect that cannot be overlooked or remedied by either waiver or estoppel” (Rodriguez v State of New York, 307 AD2d 657, 657 [2003]), and “ ‘may be [raised] at any stage of the action’ ” (Matter of Metropolitan Transp. Auth., 32 AD3d 943, 944 [2006], quoting Robinson v Oceanic Steam Nav. Co., 112 NY 315, 324 [1889]). Thus, any temporal restriction placed upon defendant’s ability to assert that the court lacks subject matter jurisdiction is not proper. It therefore stands to reason that claimant’s cross motion to strike defendant’s first, second, third and fourth affirmative defenses on the ground that the defenses are untimely pursuant to the court’s September 20, 2006 daily report must be denied.
The court further finds that defendant’s motion to dismiss the claim is without merit. In support of the motion, defendant contends that claimant has failed to allege the nature of the claim with sufficient particularity pursuant to Court of Claims Act § 11 (b). More specifically, defendant contends that claimant has failed to allege “ ‘the manner in which the claimant was injured and how the defendant was negligent’ ” (affirmation in support of motion to dismiss at 2, ¶ 5, quoting Oliver v State of N.Y. [SUNY] Health Science Ctr. at Brooklyn, Ct Cl, July 12, 2006, Waldon, J., revd 40 AD3d 719 [2007]). “[T]he State as sovereign may not be sued except with its consent ... it may attach such terms and conditions to its consent as the Legisla *904 ture deems proper, and . . . such terms and conditions are jurisdictional requirements” (Finnerty v New York State Thruway Auth., 75 NY2d 721, 723 [1989]). “ ‘Because suits against the State are allowed only by the State’s waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed’ ” (Lepkowski v State of New York, supra at 206-207 [citations omitted]). Some of these statutory requirements can be found at section 11 (b) of the Court of Claims Act which provides, among other things, that the nature of the claim must be stated within the claim. The purpose of section 11 (b) is to provide the State with “a sufficiently detailed description of the particulars of the claim to enable it to investigate and promptly ascertain the existence and extent of its liability” (Matter of O’Shea v State of New York, 36 AD3d 706, 707 [2007]).
Upon a review of the claim and application of the foregoing principles, the court finds that the nature of the claim is alleged with sufficient detail to satisfy the requirements of section 11 (b). The claim provides, in relevant part, that
“the claim arose on or about December 3, 2001, when the claimant was a patient under the professional care of the defendant, its agents, servants and/or employees, and was caused to be injured as a result of medical malpractice by [various physicians] and/or other agents, servants and/or employees of the respondent, State of New York.”
The claim further provides, in relevant part, that
“the claimant was caused to sustain severe, serious and permanent personal injuries as a result of multiple surgeries performed between December 3, 2001 and February, 2002, on her left leg at Stony Brook University Hospital, due to negligence and medical malpractice on the part of the aforesaid hospital, its medical staff, physicians, residents, attending physicians and nurses in the care of . . . claimant . . . on, after, and prior to December 3, 2001, and in the course of post operative care through May, 2002.”
The nature of the claim — medical malpractice related to multiple surgeries performed on claimant’s left leg over a reasonably defined period of time — is apparent. Claimant does not recite mere boilerplate to describe the nature of her claim (see Oliver v State of N.Y. [SUNY] Health Science Ctr. at Brooklyn, supra), and she provides greater specificity in her recitation of *905 the nature of the claim than was provided in Condolff v State of New York (18 AD3d 797, 798 [2005]). There, the Court concluded that the nature of the claim was sufficiently stated where it was alleged, “among other things, that the defendant breached a duty of care owed to the injured claimant ... by failing to develop and adhere to reasonable procedures for reviewing the qualifications of its credentialed medical staff, and that such breach was a proximate cause of the injured claimant’s injuries” (id.). Moreover, unlike “the time when and place where [the] claim arose” (Court of Claims Act § 11 [b]), the precise nature of a claim is not always known at the inception of an action. Thus, the burden imposed upon claimants is to provide enough information to enable the State to investigate the extent of its liability (see Matter of O’Shea v State of New York, supra at 707). Here, the court concludes that claimant satisfied her burden and “the purpose underlying Court of Claims Act § 11 (b) was clearly served” (id.).
Finally, the court notes that defendant has no objection to claimant’s request to amend the caption to substitute the deceased claimant’s personal representative. Accordingly, this aspect of claimant’s motion is granted.
Accordingly, it is hereby ordered that defendant’s motion to vacate the court’s September 20, 2006 daily report is granted to the extent provided in the court’s decision and order; and it is further ordered that defendant’s motion to dismiss the claim is denied; and it is further ordered that claimant’s motion to strike defendant’s first, second, third and fourth affirmative defenses is denied; and it is further ordered that claimant’s motion to amend the caption to substitute the deceased claimant’s personal representative is granted.