STEVEN GAROFOLO, Appellant, v STATE OF NEW YORK, Respondent. [915 NYS2d 661]—

Garry, J. Appeal from an order of the Court of Claims (Schaewe, J.), entered February 1, 2010, which granted defendant's motion to dismiss the claim.

In 2002, claimant, then an inmate at Woodbourne Correctional Facility in Sullivan County, began complaining of pain

in his right shoulder. Claimant alleges that he was treated unsuccessfully in prison medical facilities until 2004, and was then referred to an orthopedist who performed a total right shoulder replacement in 2005. Claimant's complaints continued, and the orthopedist ordered a second opinion. The second orthopedist performed two corrective surgeries on claimant's shoulder followed, in December 2006, by a third surgery to remove the original prosthetic device and perform another total shoulder replacement.[1] Claimant alleges that he received follow-up treatment thereafter in January and February 2007, during which he communicated to the second orthopedist that he was continuing to experience symptoms, followed by testing performed in March 2007 and further testing ordered in April 2007.

In January 2007, claimant filed an inmate grievance seeking, among other things, an opinion from another orthopedist. The grievance was denied in March 2007. Claimant filed a notice of intention to file a claim for medical malpractice and negligence by defendant's agents and employees in May 2007, and thereafter filed this claim in July 2008. Respondent moved to dismiss the claim, and the Court of Claims granted the application on the ground that the claim was untimely. Claimant appeals.

Pursuant to Court of Claims Act § 10 (3), a claim or a notice of intent to file a claim must be filed within 90 days of the accrual of a claim for negligence or unintentional tort against an officer or employee of defendant. Under the continuous treatment doctrine, the accrual of an inmate's claim for medical malpractice is tolled until the end of treatment when " 'the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (*Matter of Robinson v State of New York*, 35 AD3d 948, 949 [2006], quoting *Borgia v City of New York*, 12 NY2d 151, 155 [1962]). However, "initiation of the legal process . . . clearly sever[s] any continuing relationship of trust in the physician-patient relationship" (*Toxey v State of New York*, 279 AD2d 927, 929 [2001], *lv denied* 96 NY2d 711 [2001]). Thus, the doctrine's tolling is interrupted by the filing of a notice of intention to file a malpractice claim (*see O'Connor v State of New York*, 15 AD3d 827, 828 [2005], *lv denied* 5 NY3d 702 [2005]; *Toxey v State of New York*, 279 AD2d at 928-929).

Applying these principles, the Court of Claims found that claimant alleged sufficient facts to establish that the continuous treatment doctrine applied to the treatment he received from

---

1. Both physicians are apparently under contract with the Department of Correctional Services to provide medical treatment to certain inmates.

defendant's doctors, at least before 2007. The court further determined that the grievance filed in January 2007 marked the severance of claimant's trust and confidence in defendant's course of treatment, interrupting the tolling and thus making claimant's notice of intention to file a claim in May 2007 untimely, as more than 90 days had passed following filing of the grievance (see Court of Claims Act § 10 [3]). We disagree and reverse.

The continuous treatment doctrine is based on the premise that a patient should not be forced to disrupt his or her relationship with a physician by initiating legal proceedings while treatment is ongoing, as the physician is in the best position to identify and correct his or her mistakes (see Rizk v Cohen, 73 NY2d 98, 103-104 [1989]; Toxey v State of New York, 279 AD2d at 928). Even in the context of a prison, where an inmate has no choice but to submit to the medical care furnished by defendant, the initiation of legal action "sufficiently memorializes the end of confidence in [the inmate's] course of treatment" to require timely action thereafter (O'Connor v State of New York, 15 AD3d at 828). However, the inmate grievance program is not a legal process, but an internal administrative procedure which "is not intended to support an adversary process, but to promote mediation and conflict reduction in the resolution of grievances" (7 NYCRR 701.1 [b]). The grievance program exists independently from external judicial remedies, and filing a grievance does not necessarily signal that an inmate also intends to seek legal relief.[2] Thus, as a grievance does not initiate any legal proceedings, nor is it an "unequivocal act" that signals legal proceedings (O'Connor v State of New York, 15 AD3d at 828) comparable to a notice of intention to file a claim, it did not interrupt the tolling of the accrual of claimant's medical malpractice claim.

In determining a motion to dismiss, the Court of Claims must afford a liberal construction to the claimant's pleadings, accept the allegations as true, and accord the benefit of every possible favorable inference to the claimant (see Parker v State of New York, 242 AD2d 785, 786 [1997]). According claimant the benefit of every favorable inference and accepting his allegations as true, including his claim that after the December 2006 shoulder

---

2. Notably, claimant was not required to file a grievance or take any other internal action to exhaust his administrative remedies as a prerequisite to filing his legal claim for malpractice and negligence (compare Matter of Fulton v Futia, 71 AD3d 1356 [2010] [prison disciplinary proceedings]; Matter of Boddie v Alexander, 65 AD3d 1446, 1447 [2009], appeal dismissed 13 NY3d 886 [2009] [revocation of parole]).

surgery he received follow-up treatment in January and February 2007 from the second orthopedist and/or other employees or agents of defendant, as well as additional testing thereafter, we find that his May 2007 notice of intention to file a claim was timely and that the motion to dismiss should not have been granted.

Mercure, J.P., Peters, Rose and Malone Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied and matter remitted to the Court of Claims to permit defendant to serve an answer within 20 days of the date of this Court's decision.