# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**658**

**CA 11-02472**

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

ARMANDO TORRES, CLAIMANT-APPELLANT,

V                                          MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 118610.)

---

ARMANDO TORRES, CLAIMANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Court of Claims (Philip J. Patti, J.), entered May 31, 2011.  The order, inter alia, granted the cross motion of defendant to dismiss the claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Claimant appeals from an order that, inter alia, granted defendant's cross motion to dismiss the claim on the ground that claimant failed to comply with the requirements of Court of Claims Act § 10 (3).  We conclude that the Court of Claims properly granted the cross motion inasmuch as the claim was not filed and served nor was a notice of intention to file a claim served upon the Attorney General within 90 days after the accrual of the claim (*see* § 10 [3]; *Ivy v State of New York*, 27 AD3d 1190, 1191).  It is well settled that " '[f]ailure to comply with either the filing or service provisions of the Court of Claims Act results in a lack of subject matter jurisdiction requiring dismissal of the claim' " (*Hatzfeld v State of New York*, 104 AD3d 1165, 1166).  We reject claimant's contention that his claim did not accrue until after he had completed the grievance process (*see generally Prisco v State of New York*, 62 AD3d 978, 978, *lv denied* 13 NY3d 706; *McClurg v State of New York*, 204 AD2d 999, 1000-1001, *lv denied* 84 NY2d 806).  Claimant's further contention that the continuous treatment doctrine applied to toll the time period within which the notice of intention or claim may be served (*see Ogle v State of New York*, 142 AD2d 37, 39) is not properly before us because it is raised for the first time on appeal (*see Hatzfeld*, 104 AD3d at 1167; *Williams v State of New York*, 56 AD3d 1208, 1208).  In light of our determination, we need not consider

claimant's remaining contentions.

Entered:  June 7, 2013                    Frances E. Cafarell
                                          Clerk of the Court