Gang v State of New York (2019 NY Slip Op 08041)





Gang v State of New York


2019 NY Slip Op 08041


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


966 CA 19-00453

[*1]JOSHUA GANG, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 127939.) 






BROWN CHIARI LLP, BUFFALO (ERIC M. SHELTON OF COUNSEL), FOR CLAIMANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (J. David Sampson, J.), entered September 10, 2018. The order granted defendant's cross motion for summary judgment dismissing the claim and denied claimant's motion to dismiss defendant's 3rd through 13th affirmative defenses and for leave to amend the claim. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the cross motion is denied and the claim is reinstated, and the motion is granted and the 3rd through 13th affirmative defenses are dismissed, and claimant is granted leave to amend the claim upon condition that claimant shall serve the amended claim within 30 days of service of the order of this Court with notice of entry.
Memorandum: Claimant commenced this action seeking damages for injuries that he sustained as a result of defendant's alleged medical malpractice while claimant was an inmate in a correctional facility. In his notice of intention to file a claim ([notice of intent] see Court of Claims Act § 10 [3]), which was filed and served on August 22, 2014, claimant alleged that he sustained an injury to his "left hip" as a result of numerous acts of medical malpractice "on or about May 28, 2014 at Collins Correctional Facility located on Middle Road, Collins, New York." Claimant alleged that, following hip replacement surgery, he developed a severe infection at the location of the incision site and that defendant's agents committed malpractice in failing to treat his infection properly while monitoring that incision site during follow-up appointments. Claimant contends that, as a result of the alleged malpractice, he was forced to undergo numerous surgical procedures to irrigate the site and remove the "purulent, infected tissue."
In his claim, filed and served on May 12, 2016, claimant reiterated the various allegations of malpractice but instead stated that the malpractice "occurred commencing on or about May 20, 2014 . . . and continued for several days and/or weeks thereafter." He also alleged that the malpractice involved his "right hip."
Defendant answered, raising affirmative defenses that the Court of Claims lacked personal and subject matter jurisdiction due to the fact that the claim asserted different dates and different injuries from the notice of intent. Claimant thereafter filed a motion seeking to dismiss 11 of the 13 affirmative defenses and for leave to amend the claim to correct the location of the injury, contending that the injury was to his left hip. With respect to the inconsistent accrual dates, claimant contended in his motion that defendant's medical records established that the malpractice occurred prior to May 21, 2014. He also contended that, due to defendant's continuous treatment for the injuries, his "claims of malpractice would relate back to the first date of treatment" for the hip "or at the very latest, May 21, 2014." Alternatively, claimant sought leave to amend the claim to reflect the same onset date as the notice of intent.
Defendant cross-moved for summary judgment dismissing the claim, contending that, if the accrual date was May 20 or May 21, 2014, then the notice of intent filed on August 22, 2014, was untimely (see Court of Claims Act § 10 [3]) and did not provide the Court of Claims with personal or subject matter jurisdiction. Defendant further contended that the notice of intent was jurisdictionally defective because it set forth an incorrect accrual date in violation of Court of Claims Act § 11 (b). In reply, claimant contended that the accrual date listed in the notice of intent was the correct accrual date and that the erroneous date set forth in the claim did not retroactively render the notice of intent jurisdictionally defective. He thus sought permission to amend the claim to allege an accrual date of May 28, 2014. The court denied claimant's motion, granted defendant's cross motion and dismissed the claim. We now reverse.
Inasmuch as "suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]; see Lichtenstein v State of New York, 93 NY2d 911, 912-913 [1999]; Matter of DeMairo v State of New York, 172 AD3d 856, 857 [2d Dept 2019]). Thus, the failure to comply with either Court of Claims Act § 10 (3), concerning the timing of a notice of intent or a claim, or section 11 (b), concerning the essential elements of a notice of intent or a claim, deprives a court of subject matter jurisdiction requiring dismissal of the claim (see Lepkowski v State of New York, 1 NY3d 201, 209 [2003]; Torres v State of New York, 107 AD3d 1471, 1471 [4th Dept 2013]; Hatzfeld v State of New York, 104 AD3d 1165, 1166 [4th Dept 2013]). A jurisdictionally defective notice of intent or claim "may not be cured by amendment" (DeMairo, 172 AD3d at 857; see Hogan v State of New York, 59 AD3d 754, 755 [3d Dept 2009]). The overriding purpose of sections 10 and 11 is to enable "the State to conduct a prompt investigation of a possible claim in order to ascertain the existence and extent of the State's liability" (Schmidt v State of New York, 279 AD2d 62, 66 [4th Dept 2000]; see generally Lepkowski, 1 NY3d at 207).
Addressing first the timeliness of the notice of intent, we agree with claimant that the notice of intent complied with Court of Claims Act § 10 (3), which provides that a notice of intent or claim must be filed and served "within ninety days after the accrual of such claim." Absent "legislative action to the contrary," the determination of when a claim accrued is a legal determination to be made by the courts (B.F. v Reproductive Medicine Assoc. of N.Y., LLP, 30 NY3d 608, 613 [2017], rearg denied 31 NY3d 991 [2018]). Generally, a medical malpractice claim accrues on the date of the alleged malpractice, but the statute of limitations is tolled "until the end of the course of continuous treatment" (Kelly v State of New York, 110 AD2d 1062, 1062 [4th Dept 1985]; see generally CPLR 214-a; Borgia v City of New York, 12 NY2d 151, 155 [1962]). That toll likewise applies to the time periods contained in Court of Claims Act § 10 (3) (see e.g. Garofolo v State of New York, 80 AD3d 858, 859-860 [3d Dept 2011]; Matter of Robinson v State of New York, 35 AD3d 948, 949 [3d Dept 2006]). Here, the record establishes that claimant was receiving ongoing treatment for his left hip replacement during postoperative follow-up visits through June 12, 2014, when he was transported to a hospital for treatment of the infection that developed at the incision site, which had not been diagnosed during those follow-up visits. We thus conclude that the notice of intent, filed and served on August 22, 2012, was timely inasmuch as it was filed and served within ninety days of the accrual of the claim. The fact that the claim listed a different date of the alleged injury than the notice of intent is a matter related to the contents of the documents, not their timeliness.
We recognize that, generally, the failure to treat a condition is not considered continuous treatment so as to toll the statute of limitations (see Gasparro v State of New York, 163 AD3d 1227, 1228 [3d Dept 2018]; Toxey v State of New York, 279 AD2d 927, 928 [3d Dept 2001], lv denied 96 NY2d 711 [2001]; see generally Nykorchuck v Henriques, 78 NY2d 255, 258-259 [1991]). In such cases, however, there is a lack of awareness of a need for further treatment and thus no concern relating to the interruption of corrective medical treatment (see generally Young v New York City Health & Hosps. Corp., 91 NY2d 291, 296 [1998]). Here, claimant was already being treated for the surgical incision that eventually became infected and, therefore, "further treatment [was] explicitly anticipated by both [defendant's medical staff] and [claimant,] as manifested in the form of . . . regularly scheduled appointment[s]" to monitor the incision and remove staples (Richardson v Orentreich, 64 NY2d 896, 898-899 [1985]). Moreover, this is not truly a failure-to-treat case inasmuch as defendant's employees did, in fact, attempt to treat the incision area by applying ointment and dressing the area.
Addressing next the contents of the notice of intent and the claim, we conclude that the statements contained in those documents were "made with sufficient definiteness to enable [defendant] to be able to investigate the claim promptly and to ascertain its liability under the circumstances" (Mosley v State of New York, 117 AD3d 1417, 1418 [4th Dept 2014] [internal quotation marks omitted]; see Snickles v State of New York, 159 AD3d 1522, 1524 [4th Dept 2018], appeal dismissed 31 NY3d 1130 [2018], lv denied 32 NY3d 911 [2018]; Deep v State of New York, 56 AD3d 1260, 1260-1261 [4th Dept 2008]). Although there is a different date of the alleged injury and a slightly different alleged injury in the claim as opposed to the notice of intent, we nevertheless conclude that the allegations in each were sufficient to allow "the State to conduct a prompt investigation of a possible claim in order to ascertain the existence and extent of the State's liability" (Schmidt, 279 AD2d at 66; cf. Lepkowski, 1 NY3d at 207).
Court of Claims Act § 11 (b) requires that the notice of intent and claim state, inter alia, when the claim "arose," as opposed to when it accrued (compare § 10 [3], with § 11 [b]), as well as the injuries claimed to have been sustained. With respect to the date the claim arose or accrued, the notice of intent stated that claimant "sustained injury . . . on or about May 28, 2014," but the claim stated that the "negligence, careless[ness], recklessness, and/or malpractice occurred commencing on or about May 20, 2014 . . . and continued for several days and/or weeks thereafter." The date alleged in the notice of intent falls within the time frame alleged in the claim and, inasmuch as the notice of intent "need not meet the more stringent requirements imposed upon the [claim]" (Epps v State of New York, 199 AD2d 914, 914 [3d Dept 1993]; see Sommer v State of New York, 131 AD3d 757, 758 [3d Dept 2015]), we conclude that, despite the slight variation in dates, the contents of the notice of intent and claim with respect to when the claim arose or accrued did not " mislead, deceive or prejudice the rights of [defendant]' " and thus did not violate section 11 (b) (Rodriguez v State of New York, 8 AD3d 647, 647 [2d Dept 2004]).
Notably, this is not a situation where claimant failed to allege any date at all (cf. Kolnacki v State of New York, 8 NY3d 277, 280 [2007], rearg denied 8 NY3d 994 [2007]; Lepkowski, 1 NY3d at 207) or where defendant was required to " ferret out' " information that should have been in the notice of intent or claim (Matter of Geneva Foundry Litig., 173 AD3d 1812, 1813 [4th Dept 2019]; cf. Hargrove v State of New York, 138 AD3d 777, 778 [2d Dept 2016]). This is also not a case where "[n]either the notice of intention to file a claim nor the claim correctly stated the time when the . . . claim arose" (DeMairo, 172 AD3d at 857).
With respect to the inconsistency regarding the nature of the injuries, we note that one of defendant's own medical records regarding claimant's treatment states that claimant's injury was to his "® hip," or right hip, as opposed to the left hip. The notice of intent alleged the correct injury and, inasmuch as the main goal of Court of Claims Act § 11 (b) is to allow defendant to investigate the claim promptly and to ascertain its liability, we conclude that the error in the subsequent claim, occasioned in part by defendant's own mistakes in its records, is a mistake that did not cause any prejudice to defendant (see generally Mosley, 117 AD3d at 1418). As a result, the "literal requirements" of Court of Claims Act § 11 (b) were met (Lichtenstein, 93 NY2d at 913), and the documents "adequately allege" all of the essential elements required by section 11 (b) (Kolnacki, 8 NY3d at 280). Contrary to defendant's contention, this is not a case where the claim expanded the allegations of malpractice committed by defendant or the injuries sustained by claimant (cf. Legall v State of New York, 10 Misc 3d 800, 803-804 [Ct Cl 2005]). We thus conclude that neither the notice of intent nor the claim violated section 11 (b), and therefore neither the notice of intent nor the claim are jurisdictionally defective.
Contrary to defendant's contention, the allegations made in a separate, pro se notice of intent filed by claimant related to a separate incident and injury that occurred months before this incident, and they do not render either the notice of intent or the claim jurisdictionally defective.
Based on the foregoing, we conclude that the court erred in granting defendant's cross motion for summary judgment dismissing the claim inasmuch as the notice of intent was timely and the notice of intent and the claim are not jurisdictionally defective, and that the court erred in denying that part of claimant's motion seeking leave to amend the claim pursuant to Court of Claims Act § 9 (8) to correct a nonjurisdictional defect (see Cannon v State of New York, 163 Misc 2d 623, 626 [Ct Cl 1994]). We also conclude that the court erred in denying that part of claimant's motion that sought dismissal of those affirmative defenses that were based on the [*2]alleged jurisdictional issues or the unrelated pro se notice of intent, to wit: the 3rd through 8th, 12th and 13th affirmative defenses. We further conclude that the court erred in denying that part of claimant's motion that sought dismissal of the 9th through 11th affirmative defenses inasmuch as the claim adequately particularized defendant's conduct (see Matter of O'Shea v State of New York, 36 AD3d 706, 706-707 [2d Dept 2007]; Browne v State of New York, 16 Misc 3d 902, 904 [Ct Cl 2007]), the location where the claim arose (see e.g. Mosley, 117 AD3d at 1418; Rhodes v State of New York, 245 AD2d 791, 792 [3d Dept 1997]), and the nature of the claim (see O'Shea, 36 AD3d at 706-707; Browne, 16 Misc 3d at 904).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court