RICHIE VILLA, Appellant, v STATE OF NEW YORK, Respondent. [644 NYS2d 823] —Spain, J.

On February 28, 1991, claimant was assaulted by a fellow inmate at Coxsackie Correctional Facility (hereinafter the facility) in Greene County. Claimant subsequently initiated this action, alleging that the State was liable for the injuries which resulted on the ground that correction officers at the facility were negligent in failing to transfer either claimant or his assailant to another facility, an action which would have prevented the assault. Claimant's notice of intention to file a claim was received by the Court of Claims on May 3, 1991 and the claim was filed April 24, 1992. In its answer, the State included the affirmative defense that the Court of Claims lacked personal jurisdiction based on claimant's failure to serve its notice of intention to file a claim with the Attorney-General within 90 days of the accrual of his cause of action, as required by Court of Claims Act § 10 (3). The State thereafter moved for dismissal of the claim on this ground. The Court of Claims granted the motion and claimant appeals.

It is claimant's contention that the State failed to set forth in its answer with sufficient particularity the exact manner in which his service upon the State had been defective. Claimant argues that if the answer had contained a more detailed statement regarding the way in which his service failed to comply with the requirements of Court of Claims Act § 10 (3) (i.e., that there was no proof that the notice, allegedly served by certified mail, was ever received by the Attorney-General's office), he would have had the opportunity to cure the alleged noncompliance.

A review of the State's answer discloses that it contains a paragraph entitled "First Defense", which includes the statement that the Court of Claims lacked jurisdiction over the

matter "since no notice of intention was served on the Attorney General within 90 days of accrual". We reject claimant's suggestion that the State's answer should have specifically stated that there was a defect in the method of service chosen by claimant, to wit, nonreceipt of certified mail. Contrary to claimant's contention, we find that the State's assertion was legally sufficient to give claimant notice of his failure to effect service of his notice of intent upon the State and that it afforded him an adequate opportunity to correct his noncompliance (*see, Charbonneau v State of New York*, 178 AD2d 815, 816, *affd* 81 NY2d 721; *see also, Jackson v State of New York*, 85 AD2d 818, *lv dismissed, lv denied* 56 NY2d 501). Since the Attorney-General had not received a notice of intention, the State could not have known that claimant had attempted service or the method by which claimant chose to effect service.

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the order is affirmed, without costs.