■ JOSE PIZARRO, Appellant, v STATE OF NEW YORK, Respondent. [798 NYS2d 155]—

Spain, J.P. Appeal from an order of the Court of Claims (Hard, J.), entered October 3, 2003, which, inter alia, granted defendant's cross motion to dismiss the claim.

Claimant commenced this action against defendant in November 2002, alleging that he had been denied prompt and adequate medical care while incarcerated after his December 4, 1999 fall from his top bunk, which he claimed was defective due to the absence of bed rails. Claimant alleged that he sustained injury to his hands and knee in the fall, later requiring surgery on his thumb. Claimant's notice of intent to file this claim was not received by the Attorney General until January 8, 2001. After issue was joined, the Court of Claims granted defendant's cross motion to dismiss the claim on the ground that it was untimely under Court of Claims Act § 10 (3). On claimant's appeal, we affirm.

To begin, the Court of Claims correctly determined that claimant's cause of action for failure to provide prompt and adequate medical treatment accrued on the day he fell, December 4, 1999. He neither—within 90 days—filed and served upon the Attorney General a claim nor a notice of intention to file such a claim, requiring dismissal of this action (see Court of Claims Act § 10 [3]; see also Welch v State of New York, 286 AD2d 496, 497-498 [2001]). Even assuming, arguendo, that claimant was correct that—applying the continuous treatment doctrine (see CPLR 214-a)—his cause of action for delayed treatment did not accrue until October 19, 2000, the date he was allegedly informed that surgery was required and that the delay in treatment had medical consequences, the claim was not served and filed within two years of that latter accrual date as required (see Court of Claims Act § 10 [6]).

With regard to claimant's defective design claim, it was not included in the notice of intent and, even if it had been, it clearly accrued on the day of his fall (December 4, 1999), rendering untimely the claim filed and served in November 2002 (see Court of Claims Act § 10 [3]). As claimant failed to raise any issue related to that claim in his brief, it is deemed abandoned (see Matter of Stromski v Jefferson Auto Body, 1 AD3d 643, 644 [2003]). The remaining contentions lack merit.

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.