MARILYN ROBINSON, Appellant, v STATE OF NEW YORK, Respondent. [831 NYS2d 297]—

Peters, J. Appeal from an order of the Court of Claims (Hard, J.), entered September 27, 2005, which granted defendant's motion to dismiss the claim.

Claimant commenced this action on May 19, 2004 by filing and serving a claim alleging damages resulting from the garnishment of her wages following her default on a student loan. According to claimant, her claim accrued on November 9, 1992. Defendant thereafter moved to dismiss the claim on the grounds that it was untimely and, in any event, without merit. The Court of Claims agreed that the claim was untimely and, thus, granted defendant's motion. This appeal by claimant ensued.

We affirm. It was incumbent upon claimant to file and serve, within 90 days of the date of accrual, either a claim or a written notice of intention to file a claim (*see* Court of Claims Act § 10; *Pizarro v State of New York*, 19 AD3d 891, 892 [2005], *lv denied* 5 NY3d 717 [2005]). Inasmuch as claimant never filed and served a notice of intention to file a claim and failed to file and serve the actual claim until approximately 11½ years after the date on which, by her own admission, the claim accrued, the Court of Claims correctly dismissed this action as untimely (*see Pizarro v State of New York, supra* at 892).

With respect to claimant's assertion that she was unable to oppose the underlying motion because of her unsuccessful attempt at hiring an attorney, we note that such a contention does nothing to alter the uncontroverted facts, as set forth above, establishing that the claim was time-barred.

Mercure, J.P., Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.