■ ADAM CZYNSKI, Appellant, v STATE OF NEW YORK, Respondent. [861 NYS2d 845]—

Stein, J. Appeals (1) from an order of the Court of Claims (Sise, J.), entered August 20, 2001, which denied claimant's motion to seal the records in this matter, (2) from an order of said court (Sise, J.), entered October 25, 2002, which, among other things, partially granted claimant's motion to compel disclosure of certain records, and (3) from an order of said court (McCarthy, J.), entered May 22, 2007, which, among other things, granted defendant's cross motion to dismiss the claim.

Claimant filed a notice of intention to file a claim on November 5, 1999, alleging that he was "personally and sexually harassed" by a professor at the State University of New York at New Paltz, and thereafter commenced this action on May 7, 2001. In its answer, defendant asserted, among other things, that both claimant's notice of intention to file a claim

and his claim were untimely. Discovery ensued and claimant eventually moved for partial summary judgment. Defendant cross-moved to dismiss the claim based on lack of personal and subject matter jurisdiction. The Court of Claims (McCarthy, J.), among other things, granted defendant's cross motion and dismissed the claim, prompting this appeal by claimant.*

Initially, we reject claimant's contention that defendant's affirmative defenses were not pleaded with sufficient particularity (*see* Court of Claims Act § 11 [c]). The eighth paragraph of defendant's answer asserted that "no notice of intention or claim was served upon the Attorney General within 90 days of the accrual of the causes of action as required by Sections 10 (3), (3-b) and 11 (a) of the Court of Claims Act." Similarly, the eleventh paragraph maintained that "no claim was filed with the [c]ourt within two years of the accrual of the causes of action as required by Sections 10 (3) and 11 (a) of the Court of Claims Act, or within one year of the accrual of any causes of action for intentional tort as required by Sections 10 (3-b) and 11 (a) of the Court of Claims Act." We find that these assertions by defendant "[were] legally sufficient to give claimant notice of his failure" to comply with the time limitations in the Court of Claims Act (*Villa v State of New York*, 228 AD2d 930, 931 [1996], *lv denied* 88 NY2d 815 [1996]). Notably, defendant's asserted defenses put claimant on notice of the alleged defects with ample time for him to move for permission to file a late claim (*see* Court of Claims Act § 10 [6]).

Next, we find claimant's contention—that his title IX (*see* 20 USC § 1681 *et seq.*) cause of action accrued at some unidentified time after May 4, 1999—to be foreclosed by his failure to adequately apprise defendant of such cause of action in his notice of intention to file a claim. Court of Claims Act § 11 (b) requires, among other things, that the notice of intention "shall state the time when and place where such claim arose [and] the nature of same" (*see Cobin v State of New York*, 234 AD2d 498, 499 [1996], *lv dismissed* 90 NY2d 925 [1997]) in order to "enable [defendant] to investigate the claim and promptly ascertain the existence and extent of its liability" (*Riefler v State of New York*, 228 AD2d 1000, 1001 [1996]). Importantly, "[t]he Court of Claims Act does not require [defendant] to ferret out or assemble information that section 11 (b) obligates the claimant to

---

* To the extent that claimant has not raised any issues in his brief regarding the orders of the Court of Claims (Sise, J.) entered August 20, 2001 and October 25, 2002, his appeals from those orders are deemed abandoned (*see Pizarro v State of New York*, 19 AD3d 891, 892 [2005], *lv denied* 5 NY3d 717 [2005]).

allege" (*Lepkowski v State of New York*, 1 NY3d 201, 208 [2003]; *see Kolnacki v State of New York*, 8 NY3d 277, 280 [2007]). Failure to comply with Court of Claims Act § 11 (b) deprives the Court of Claims of subject matter jurisdiction (*see Lepkowski v State of New York*, 1 NY3d at 206-209), and subject matter jurisdiction is unwaivable (*see Finnerty v New York State Thruway Auth.*, 75 NY2d 721, 722-723 [1989]; *compare* Court of Claims Act § 11 [b] *with* Court of Claims Act § 11 [c]). Accordingly, although this issue was not raised before the Court of Claims, we must address it on this appeal (*see Matter of Anstey v Palmatier*, 23 AD3d 780, 780 [2005]).

Here, claimant's notice of intention referred solely to acts of harassment by a professor and provided that "[t]he time when . . . such claim arose . . . beg[an] in August 1998 and continu[ed] through May 4, 1999." Among other inadequacies, the notice of intention fails to include such information as claimant's status as a student or any notice to or involvement of the University, its administration or individual officials (*see generally Hayut v State Univ. of N.Y.*, 352 F3d 733 [2d Cir 2003]). Although our treatment of the requirements of the notice of intention has historically not been as stringent as that of the claim (*see Epps v State of New York*, 199 AD2d 914, 914 [1993]), we nevertheless find that the notice of intention here did not adequately apprise defendant of the possibility that a title IX claim would be asserted (*see Cendales v State of New York*, 2 AD3d 1165, 1167-1168 [2003]; *Bowles v State of New York*, 208 AD2d 440, 443 [1994]). Thus, the Court of Claims properly dismissed this cause of action.

In addition, inasmuch as the notice of intention failed to apprise defendant of the need to investigate any acts or occurrences after May 4, 1999, the Court of Claims correctly treated that date as the accrual date for purposes of time limitations. Consequently, neither claimant's notice of intention nor his claim were timely filed pursuant to any of the applicable provisions of Court of Claims Act § 10, the Court of Claims lacked subject matter jurisdiction over the remaining causes of action and those causes of action were also properly dismissed (*see Lyles v State of New York*, 3 NY3d 396, 399-401 [2004]; *Alston v State of New York*, 97 NY2d 159, 163 [2001]).

The remaining arguments advanced by the parties have been examined and found to be either without merit or rendered academic by our decision.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.