■ FRANK VARGAS, Appellant, v STATE OF NEW YORK, Respondent. [879 NYS2d 258]—

Kane, J. Appeal from a judgment of the Court of Claims (Lack, J.), entered July 2, 2007, upon a decision of the court in favor of defendant.

Claimant, an inmate, commenced this action in June 2004 alleging, among other things, that he was denied adequate medical care after being diagnosed with broken ribs in 1999. Following a trial, the Court of Claims dismissed claimant's causes of action, determining, as relevant here, that the claim regarding the denial of adequate medical care was untimely. Claimant now appeals, limiting his appeal to the court's dismissal of his claim of the denial of adequate medical care.

We affirm. Claimant alleges that he was not informed that he had suffered broken ribs in 1999 until he underwent a physical examination pursuant to being transferred to a different correctional facility in February 2004. Based upon this contention, he argues that his cause of action did not accrue until that time. A review of claimant's medical records indicate that he complained of bilateral rib pain in June 1999 and, based on the results of an X ray, was diagnosed as having three broken ribs. Although there is nothing in the record to indicate the treatment he received for the injury, we note that there is no record of him complaining of continued pain in the rib area or any complications from his rib injury from the time of his initial complaint in June 1999 until June 2004.

We agree with the determination of the Court of Claims that claimant's cause of action accrued at the time of his injury in 1999 (*see Pizarro v State of New York*, 19 AD3d 891, 892 [2005], *lv denied* 5 NY3d 717 [2005]; *see also Bullard v State of New York*, 307 AD2d 676, 677 [2003]; *Conner v State of New York*, 268 AD2d 706, 707 [2000]). As claimant commenced this action in 2004, the claim was properly dismissed as jurisdictionally defective because claimant clearly failed to either file a claim or notice of an intention to file a claim within 90 days of the accrual date (*see* Court of Claims Act § 10 [3]; *Pizarro v State of New York*, 19 AD3d at 892). Furthermore, even assuming, arguendo, claimant's contention that his claim did not accrue until February 2004, his filing of the claim in June 2004 was still beyond the 90-day statutory limit.

Cardona, P.J., Peters, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.