■ MAUDE V., Appellant, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Respondent. [918 NYS2d 757]—

McCarthy, J.

---

By determination dated March 31, 2008 defendant, New York State Office of Children and Family Services, denied claimant's request to amend to unfounded a report indicated against her for inadequate guardianship. Two months later, claimant served what she denominated as a notice of claim upon defendant, alleging that she was falsely accused of maltreatment and seeking money damages. However, it was not until March 31, 2009—one year after defendant denied claimant's request to amend the report—that claimant served the underlying claim upon the Attorney General.* The State of New York thereafter moved to dismiss the claim alleging lack of personal and subject matter jurisdiction and failure to state a cause of action. The Court of Claims granted the motion, finding that the claim was untimely and, therefore, the court lacked subject matter jurisdiction. This appeal by claimant ensued.

We affirm. A claimant seeking to recover damages for personal injuries caused by the negligence, intentional tort or unintentional tort of an officer or employee of the State must file and serve a claim or, alternatively, a notice of intention to file such a claim, upon the Attorney General within 90 days after the accrual thereof (*see* Court of Claims Act § 10 [3], [3-b]; *Robinson v State of New York*, 38 AD3d 1030 [2007]). Failure to comply with the statutory filing and service requirements deprives the Court of Claims of subject matter jurisdiction and compels dismissal of the claim (*see Langner v State of New York*, 65 AD3d 780, 781 [2009]; *Czynski v State of New York*, 53 AD3d 881, 883 [2008], *lv denied* 11 NY3d 715 [2009]; *Matter of Best v State of New York*, 42 AD3d 699, 700 [2007]; *Ivy v State of New York*, 27 AD3d 1190, 1191 [2006]).

The underlying claim accrued on March 31, 2008 when defendant denied claimant's request to amend the indicated report. Although claimant served defendant within two months of that date, this did not constitute service upon the Attorney General. As claimant failed to properly file and serve either a notice of claim or a notice of intention to file a claim within the 90 days set forth in Court of Claims Act § 10, the Court of Claims lacked subject matter jurisdiction and the State's motion to dismiss the claim was appropriately granted (*see Vargas v*

---

* In the interim, claimant commenced a CPLR article 78 proceeding to challenge defendant's determination and, following transfer of that proceeding to this Court (*Matter of Maude V. v New York State Off. of Children & Family Servs.*, 75 AD3d 691 [2010]), the parties apparently stipulated to "vacate and seal" the underlying record.

*State of New York*, 62 AD3d 1170, 1171 [2009]; *Czynski v State of New York*, 53 AD3d at 883; *Pizarro v State of New York*, 19 AD3d 891, 892 [2005], *lv denied* 5 NY3d 717 [2005]). In light of this conclusion, we need not address the alternate grounds for dismissal.

Spain, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.