# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**121**

**CA 12-00081**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

JOHN HATZFELD, CLAIMANT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 118925.)

---

JOHN HATZFELD, CLAIMANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PAUL GROENWEGEN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered October 19, 2011. The order granted the motion of defendant to dismiss the claim and dismissed the claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this personal injury and medical malpractice action, claimant appeals from an order that, inter alia, granted defendant's motion to dismiss the claim on the grounds that the negligence claims were untimely and that claimant failed to state a cause of action for medical malpractice. Although claimant timely filed a written notice of intention to file a claim for the alleged negligence of defendant based upon an incident that occurred on March 5, 2008 in which claimant fell from his upper bunk at the Cayuga Correctional Facility, he failed to comply with Court of Claims Act § 10 (3) because he did not file the claim with respect to that incident until September 10, 2010, more than two years after the claim's accrual. "Failure to comply with either the filing or service provisions of the Court of Claims Act results in a lack of subject matter jurisdiction requiring dismissal of the claim" (*Tooks v State of New York*, 40 AD3d 1347, 1348, *lv denied* 9 NY3d 814). The Court of Claims therefore properly dismissed the claim insofar as it is based on the March 5, 2008 incident (*see id.*). Similarly, the court properly dismissed the claim insofar as claimant alleged that he was negligently transported to the hospital on September 16, 2008 inasmuch as he failed to file a notice of intention to file a claim or a claim with respect to that incident within 90 days after the claim's accrual (*see* § 10 [3]; *see also Wilson v State of New York*, 61 AD3d 1367, 1368).

Contrary to the contention of claimant, the continuous treatment

doctrine does not render his negligence claims timely. That doctrine applies only to an "action for medical, dental or podiatric malpractice" (CPLR 214-a). Also, although we agree with claimant that Court of Claims Act § 10 (6) permits a court to allow a claimant to file a late claim, claimant seeks that relief for the first time on appeal, and thus his contention that he should be afforded such relief is not properly before us (see *A.F. v State of New York*, 60 AD3d 1222, 1223; *Calderazzo v State of New York*, 74 AD2d 954, 954-955; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

With respect to that part of the claim alleging medical malpractice, we conclude that claimant failed to allege that there was a deviation from the standard of care by the healthcare providers or that any such deviation caused his injuries. The court therefore properly dismissed the claim to that extent as well (see *Parker v State of New York*, 242 AD2d 785, 786).

Finally, claimant contends for the first time on appeal that defendant's motion to dismiss was untimely, and thus that contention is not properly before us (see *Ciesinski*, 202 AD2d at 985).

Entered: March 15, 2013                        Frances E. Cafarell
                                               Clerk of the Court