■ Anna Caci, Appellant, v State of New York, Respondent. [967 NYS2d 440]—

Egan Jr., J. Appeal from an order of the Court of Claims (Hard, J.), entered February 22, 2012, which sua sponte dismissed the claim.

While training for the Lake Placid Ironman triathlon in July 2006, claimant allegedly sustained various injuries when the tire of the bicycle she was riding became lodged in a groove in the pavement along State Route 73 in Essex County. Following claimant's commencement of this action later that year, discovery ensued, a note of issue was filed and, ultimately, a trial was scheduled. Prior to a February 2011 pretrial conference, claimant provided the Court of Claims with copies of her "original [c]laim" dated October 17, 2006, which defendant admittedly had received and—in November 2006—answered. Upon reviewing this document, the Court of Claims realized that the October 2006 claim provided by claimant did not match the one and only claim filed with the court on December 18,

2006,[1] prompting the court to question whether defendant had been served therewith. Following receipt of the parties' conflicting written submissions on this point, the Court of Claims elected to hold a traverse hearing on the issue of proper service. At the conclusion of that hearing, and after reviewing the documentary evidence and assessing the testimony of claimant's process server (the sole witness to appear and testify), the Court of Claims found that defendant had not been properly served with the December 2006 claim and dismissed the claim based upon claimant's failure to comply with the service requirements of Court of Claims Act § 11 (a) (i). This appeal by claimant ensued.

We affirm. "A claimant seeking to recover damages for personal injuries caused by the negligence . . . of an officer or employee of [defendant] must file and serve a claim or, alternatively, a notice of intention to file such a claim, upon the Attorney General within 90 days after the accrual thereof" (*Maude V. v New York State Off. of Children & Family Servs.*, 82 AD3d 1468, 1469 [2011] [citations omitted]; *see* Court of Claims Act § 10 [3]; *Langner v State of New York*, 65 AD3d 780, 781 [2009]). Both filing with the court and service upon the Attorney General must take place within the relevant statutory period (*see Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724 [1992]) and, as suits against defendant are permitted only by virtue of its waiver of sovereign immunity and are in derogation of the common law, "the failure to strictly comply with the filing or service provisions of the Court of Claims Act divests the court of subject matter jurisdiction" (*Langner v State of New York*, 65 AD3d at 781; *see Dreger v New York State Thruway Auth.*, 81 NY2d at 724; *Hatzfeld v State of New York*, 104 AD3d 1165, 1166 [2013]) and "compels dismissal of the claim" (*Maude V. v New York State Off. of Children & Family Servs.*, 82 AD3d at 1469; *see Hatzfeld v State of New York*, 104 AD3d at 1166; *Johnson v New York State*, 71 AD3d 1355, 1355 [2010], *lv denied* 15 NY3d 703 [2010]). Notably, "a defect in subject matter jurisdiction may be raised at any time, even for the first time on appeal, because it relates to the competence of the court to consider [the] matter" (*Pritchard v Curtis*, 101 AD3d 1502, 1503 [2012]; *see Erie Blvd. Hydropower, LP v State of New York*, 90 AD3d 1292, 1293 [2011]; *Signature Health Ctr., LLC v State of New York*, 42 AD3d 678, 679 [2007]) and, therefore, such defect "cannot be overlooked or remedied by ei-

---

**1.** Claimant subsequently took the position that the October 2006 document was a notice of intention to file a claim, and the December 2006 document was the claim itself.

ther waiver or estoppel" (*Rodriguez v State of New York*, 307 AD2d 657, 657 [2003]; *see Finnerty v New York State Thruway Auth.*, 75 NY2d 721, 723 [1989]; *Burke v Aspland*, 56 AD3d 1001, 1003 [2008], *lv denied* 12 NY3d 709 [2009]).

Having taken the position that the document filed with the Court of Claims in December 2006 was her actual claim, claimant was required to demonstrate that defendant was properly served therewith. "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service. However, where there is a sworn denial that a defendant was served with process, the affidavit of service is rebutted, and the plaintiff must establish jurisdiction at a hearing by a preponderance of the evidence" (*Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 589 [2009] [citations omitted]; *see Toyota Motor Credit Corp. v Lam*, 93 AD3d 713, 714 [2012]; *Dunn v Pallett*, 42 AD3d 807, 808-809 [2007]). Based upon our review of the record as a whole, we do not find that claimant met that burden here.

As a preliminary matter, claimant does not challenge the Court of Claims' decision to conduct a traverse hearing. Turning to the merits, in addition to relying upon the underlying affidavit of service, claimant produced her process server, who testified that she "vaguely" recalled personally serving Assistant Attorney General James Morrissey with the December 2006 claim on January 9, 2007. In response, defendant relied upon documentary evidence,[2] including an affidavit from Morrissey, wherein he stated that he had no recollection of "accepting service of any particular claim on that date." To the extent that this statement could be construed as something less than an unequivocal denial of service, defendant also tendered an affidavit from Michael Siragusa, the Acting Deputy Assistant Attorney General for the regional field office where Morrissey was employed, who averred that Morrissey was not the designated "[o]fficer of the [d]ay" on January 9, 2007—meaning that Morrissey was not assigned to accept service of process on that date. Although Siragusa could not rule out the possibility that Morrissey may have accepted service in the event that the assigned officer stepped away from his or her desk, he noted that service of the October 2006 notice of intention to file a claim triggered both the preparation of a transmittal sheet (transferring the file to the Albany office of the Attorney General) and a correspond-

---

**2.** To the extent that it could be argued that defendant should have called Morrissey and others to testify at the hearing, we note that defendant was not precluded from proceeding upon documentary evidence.

ing entry in the Attorney General's electronic database—neither of which occurred following the alleged service of the December 2006 claim. In this regard, a senior clerk and a paralegal in the Albany office each averred that they were unable to locate any reference to the purported service of the December 2006 claim in the relevant electronic database, and the senior clerk further stated that, upon her personal review of both the paper and the electronic files maintained in this regard, she could find no indication that the Attorney General "was ever served" with any claim in this matter other than the notice of intention to file a claim in October 2006.

To be sure, any one of the omissions, inconsistencies or irregularities[3] previously noted could—standing alone—be deemed insufficient to rebut the presumption of service. However, viewing such proof in its totality, and granting due deference to the Court of Claims' assessment of the process server's credibility and demeanor (see Gottesman v Friedman, 90 AD3d 608, 609-610 [2011], lv dismissed 19 NY3d 897 [2012]; Matter of DeMeo v City of Albany, 63 AD3d 1272, 1272 [2009]), we find that claimant failed to meet her burden of establishing—by a preponderance of the evidence—that defendant was served with the December 2006 claim (cf. Aquila v Aquila, 129 AD2d 544, 545 [1987]). Accordingly, as claimant failed to comply with the service requirements set forth in Court of Claims Act § 11 (a) (i), the Court of Claims was compelled to dismiss the claim. Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Rose, J.P., Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

 ---

3. For example, the October 20, 2006 notice of intention to file a claim has two stamps affixed to it—one of which bears Morrissey's signature and indicates the date/time when and location where service was accomplished. No similar notation appears upon the December 2006 claim, which—as noted previously—was the only claim filed with the Court of Claims. Similarly, although the notice of intention to file a claim was served upon the Attorney General personally and by certified mail, return receipt requested, no supplemental mailing accompanied the purported personal service upon the Attorney General with respect to the December 2006 claim. Finally, claimant's note of issue indicates that the claim was served on October 20, 2006, issue was joined on November 28, 2006 and the claim was filed with the court on December 18, 2006—all well in advance of the January 9, 2007 service date upon which claimant now relies.