# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

257

CA 13-01680

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

ANNIE MOSLEY, CLAIMANT-APPELLANT,

V                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 117444.)

---

ALEXANDER & CATALANO, LLC, ROCHESTER (WILLIAM P. SMITH, JR., OF COUNSEL), FOR CLAIMANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Court of Claims (Renée Forgensi Minarik, J.), entered December 10, 2012.  The order granted the motion of defendant to dismiss the claim and dismissed the claim.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the claim is reinstated.

Memorandum:  On September 25, 2009, claimant commenced this action seeking damages for injuries she allegedly sustained on December 7, 2008 when she slipped and fell on ice and snow on the walkway while approaching the entrance to the Orleans Correctional Facility.  Claimant served a document entitled "Notice of Claim" (document) on the Attorney General on February 13, 2009.  We agree with claimant that the Court of Claims erred in granting defendant's motion to dismiss the claim on the grounds that the document could not be considered a notice of intention to file a claim and that it failed to provide sufficient specificity as to where the accident occurred.

Court of Claims Act § 10 (3) provides in relevant part that a claimant seeking to recover damages for personal injuries caused by the negligence of an officer or employee of the State must file and serve a claim or a notice of intention to file a claim upon the Attorney General within 90 days after the accrual of such claim.  A notice of intention to file a claim (notice of intent) "shall state the time when and place where such claim arose [and] the nature of same" (§ 11 [b]).  The failure to state the time and place of the accident in the notice of intent is a jurisdictional defect mandating dismissal of the claim (*see Wilson v State of New York*, 61 AD3d 1367, 1368; *Czynski v State of New York*, 53 AD3d 881, 883, *lv denied* 11 NY3d 715).

        Here, we conclude that the document is a proper notice of intent. We agree with defendant that the document "had all the hallmarks of a notice of claim against a municipality," rather than a notice of intent against the State, including the title of the document, the stated venue as "Supreme Court," the references to the General Municipal Law, and the naming of the County of Orleans as a "respondent."  Nevertheless, the document names the State as a "respondent" and alleges that the premises where claimant fell were owned by the State, and claimant served the document on the Attorney General.  In addition, we conclude that the mistake in naming the place where the claim arose as the "Orleans *County* Correctional Facility" (emphasis added) does not require dismissal of the claim. Claimant provided the proper address where the claim arose, which showed that her fall occurred at the Orleans Correctional Facility, and not at the Orleans County Jail, which is located on a different street.

        With regard to the requisite specificity as to the place where the claim arose, we note that " '[w]hat is required is not absolute exactness, but simply a statement made with sufficient definiteness to enable [defendant] to be able to investigate the claim promptly and to ascertain its liability under the circumstances' " (*Deep v State of New York*, 56 AD3d 1260, 1260-1261; *see Lepkowski v State of New York*, 1 NY3d 201, 207).  The document herein, i.e., the notice of intent, stated that the accident occurred when claimant "slipped on ice and snow on the walk way" as she "approached the entry to [the] correctional facility."  We conclude that such description in the notice of intent satisfies the requirements of Court of Claims Act § 11 (b) (*see Acee v State of New York*, 81 AD3d 1410, 1411).

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court