*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                517417
_____

GARY L. BUTLER,
                    Appellant,

        v                                   MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:  February 9, 2015

Before:  Lahtinen, J.P., McCarthy, Lynch and Clark, JJ.

                    _____


        Gary L. Butler, Ossining, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.

                    _____


McCarthy, J.

        Appeal from an order of the Court of Claims (Milano, J.), entered May 29, 2013, which, among other things, granted defendant's cross motion to dismiss the claim.

        Claimant, a prison inmate, commenced this action on June 23, 2010 by filing and serving a claim alleging damages resulting from a dispute over the appropriate pay rate for his work in the mess hall.  Claimant alleged that his claim accrued on March 24, 2010.  Defendant answered and asserted the affirmative defense that the claim was untimely.  Claimant thereafter moved for summary judgment, and defendant cross-moved to dismiss the claim. The Court of Claims granted the cross motion and determined, among other things, that the claim was untimely.  Claimant now appeals.

We affirm.  Inasmuch as claimant sought to recover damages stemming from the intentional tort of an officer of defendant, he was obliged "to file and serve, within 90 days of the date of accrual, either a claim or a written notice of intention to file a claim" (Robinson v State of New York, 38 AD3d 1030, 1030 [2007]; see Court of Claims Act § 10 [3-b]; Pizarro v State of New York, 19 AD3d 891, 892 [2005], lv denied 5 NY3d 717 [2005]). Claimant did not file and serve a notice of intention to file a claim.  Moreover, even assuming that the claim accrued on March 24, 2010, rather than earlier, the actual claim was not filed and served in a timely manner.  Thus, the Court of Claims properly dismissed this action as untimely (see Robinson v State of New York, 38 AD3d at 1030).  Contrary to claimant's contention, there was no indication of "misfeasance or malfeasance on the part of facility officials" that would warrant an estoppel (Rivera v State of New York, 5 AD3d 881, 881 [2004]).

The remaining arguments of the parties, to the extent they are not academic in light of the foregoing, have been examined and found to be lacking in merit.

Lahtinen, J.P., Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court