## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: December 17, 2015          517887

_____

WILLIAM S. BAYSAH,

            Appellant,

    v                                  MEMORANDUM AND ORDER

STATE OF NEW YORK,

            Respondent.

_____

Calendar Date: October 15, 2015

Before: Garry, J.P., Egan Jr., Rose and Clark, JJ.

_____

William S. Baysah, Hartford, Connecticut, appellant pro se.

Eric T. Schneiderman, Attorney General, Albany (Zainab Chaudhry of counsel), for respondent.

_____

Egan Jr., J.

Appeal from an order of the Court of Claims (Collins, J.), entered August 19, 2014, which granted defendant's motion to dismiss the claim.

According to claimant, he improperly (and unknowingly) was issued a traffic ticket in New York City in 1994. When he failed to pay this ticket or otherwise resolve the charge against him, a default conviction was entered, as a result of which claimant allegedly lost his driving privileges – and his job – in Florida in 2011. Upon claimant's application, the Department of Motor Vehicles vacated the conviction in July 2012 and dismissed the underlying charge. Thereafter, on September 20, 2012, claimant served his claim upon the Attorney General's office – alleging negligence in defendant's handling of the underlying traffic

infraction.  Defendant apparently moved to dismiss the claim but, as the claim had not been filed with the Court of Claims, the motion was held in abeyance.  When claimant filed his claim with the Court of Claims on May 13, 2013, defendant withdrew the prior motion and again moved to dismiss the claim contending, among other things, that the claim was untimely.  The Court of Claims granted defendant's motion, and this appeal by claimant ensued.

We affirm.  A claimant seeking to recover damages for personal injuries caused by the negligence of an officer or employee of defendant has two options: (1) file and serve a claim upon the Attorney General within 90 days after the accrual thereof, or (2) within such time period, serve upon the Attorney General a written notice of intention to file a claim, in which case the claim must be filed and served upon the Attorney General within two years after the accrual thereof (see Court of Claims Act §§ 10 [3]; 11 [a] [i]; Burks v State of New York, 119 AD3d 1302, 1303 [2014]).  Where, as here, a claimant elects to commence his or her action by the filing and service of a claim upon the Attorney General, such claim also must be filed with the Clerk of the Court within the 90-day period (see Court of Claims Act § 11 [a] [i]; Tooks v State of New York, 40 AD3d 1347, 1348 [2007], lv denied 9 NY3d 814 [2007]).  Inasmuch "as suits against defendant are permitted only by virtue of its waiver of sovereign immunity and are in derogation of the common law, the failure to strictly comply with the filing or service provisions of the Court of Claims Act divests the court of subject matter jurisdiction and compels dismissal of the claim" (Caci v State of New York, 107 AD3d 1121, 1122 [2013] [internal quotation marks and citations omitted]; see Encarnacion v State of New York, 112 AD3d 1003, 1004 [2013]; see also Robinson v State of New York, 38 AD3d 1030, 1030 [2007]).

Even if we were to accept claimant's premise that his claim did not actually accrue until his conviction was vacated on July 20, 2012 (a contention belied by the facts set forth in the claim itself), claimant nonetheless was required to satisfy the statutory filing and service requirements within 90 days thereof.  Although claimant indeed filed and served his claim upon the Attorney General on September 20, 2012 (within the 90-day period), he did not file his claim with the Court of Claims until

May 13, 2013 — well beyond the statutory period.   Thus, claimant's failure to comply with the statutory requirements deprived the Court of Claims of subject matter jurisdiction and compelled dismissal of his claim (see Maude V. v New York State Off. of Children & Family Servs., 82 AD3d 1468, 1469-1470 [2011]).

     Garry, J.P., Rose and Clark, JJ., concur.


     ORDERED that the order is affirmed, without costs.



          ENTER:

          Robert D. Mayberger
          Clerk of the Court