Snickles v State of New York (2018 NY Slip Op 02042)





Snickles v State of New York


2018 NY Slip Op 02042


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


132 CA 17-00875

[*1]KIMBERLY SNICKLES, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 125350.) (APPEAL NO. 1.) 






LAW OFFICES OF JOHN P. BARTOLOMEI & ASSOCIATES, NIAGARA FALLS (MATTHEW J. BIRD OF COUNSEL), FOR CLAIMANT-APPELLANT. 
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Michael E. Hudson, J.), entered July 19, 2016. The order, inter alia, granted the pre-answer motion of defendant to dismiss the claim and granted that part of the cross motion of claimant seeking permission to file a late notice of claim with respect to certain causes of action. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: These consolidated appeals concern orders issued in six similar claims, in which each claimant sought to recover damages under several theories. All of the claims arise from allegations that former New York State Assemblyman Dennis Gabryszak, who employed all six claimants in various capacities, engaged in acts of sexual harassment and employment discrimination against claimants, spanning nearly a decade. Each claimant alleged that she was constructively discharged from Gabryszak's employment, beginning with claimant Emily C. Trimper, who left that employment in March 2008, and ending with claimants Kimberly Snickles and Jamie L. Campbell, who left in October 2013. Claimants Snickles, Annalise C. Freling, and Campbell served a consolidated "notice of claim," which the Court of Claims treated as a notice of intention to file a claim (hereafter, notice of intention), on December 19, 2013, claimants Trimper and Trina Tardone served a consolidated notice of intention on January 2, 2014, and claimant Kristy L. Mazurek filed a notice of intention on January 8, 2014. All claimants then filed claims dated December 3, 2014.
Defendant submitted six pre-answer motions seeking to dismiss the claims on several grounds, including that the notices of intention of Freling, Trimper, Tardone, and Mazurek were untimely under Court of Claims Act § 10 (3) and (4), and that the 2013 notice of intention covering Snickles and Campbell was not sufficiently specific. Claimants opposed the respective motions and cross-moved for several forms of relief, including permission to file late claims. In six orders, the court granted the motions and denied the cross motions with the exception of granting that part of the cross motion of Snickles seeking permission to file a late claim with respect to her causes of action alleging sexual discrimination and violations of Executive Law § 296. Claimants appeal.
Contrary to claimants' contention, the court properly dismissed the claims of Freling, Trimper, Tardone, and Mazurek because they did not timely file a claim or notice of intention. "Under section 8 of the Court of Claims Act, the State has waived its sovereign immunity from liability provided the claimant complies with the limitations of this article [§§ 8-12].' The Act contains several conditions that must be met in order to assert a claim against the State" (Kolnacki v State of New York, 8 NY3d 277, 280 [2007], rearg denied 8 NY3d 994 [2007]). "[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity [*2]and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (id. [internal quotation marks omitted]). Consequently, a claim must be dismissed if it is not commenced in accordance with Court of Claims Act § 10, inasmuch as "the Legislature incorporated as an integral part of its waiver of immunity the requirement that claims be filed within the time limits imposed under" that section (Alston v State of New York, 97 NY2d 159, 163 [2001]). Section 10 provides that a claim, or a notice of intention, must be filed within 90 days of the claim's accrual for most tort claims, and six months for certain other claims (see § 10 [3], [4]).
Here, even assuming, arguendo, that some of the claims of Freling, Trimper, Tardone, and Mazurek were governed by the six-month limit, we conclude that their notices of intention were untimely because they were filed more than six months after the claims accrued. Freling alleged that the actionable conduct by Gabryszak ended when her employment with him ended in March 2013, which was more than six months before her notice of intention was filed in December 2013. Trimper, Tardone, and Mazurek allege conduct that ceased when their employment with Gabryszak ended, which was in 2010 or earlier. Consequently, all of those claims were properly dismissed as untimely.
With respect to Snickles and Campbell, we agree with the court that the notice of intention covering their allegations was insufficiently specific. Insofar as relevant here, the statute requires that a "claim shall state the time when and place where such claim arose, the nature of same, [and] the items of damage or injuries claimed to have been sustained[,] . . . [and a] notice of intention to file a claim shall set forth the same matters" (Court of Claims Act
§ 11 [b]). "With regard to the requisite specificity as to the place where the claim arose, we note that [w]hat is required is not absolute exactness, but simply a statement made with sufficient definiteness to enable [defendant] to be able to investigate the claim promptly and to ascertain its liability under the circumstances" (Mosley v State of New York, 117 AD3d 1417, 1418 [4th Dept 2014] [internal quotation marks omitted]). Here, the relevant notice of intention did not set forth with respect to either Snickles or Campbell the place where any of the alleged misconduct occurred, and the court therefore properly dismissed their claims. We reject claimants' contention that the claims of Snickles and Campbell should not have been dismissed because the alleged misconduct occurred wherever they were working at any particular time and defendant could easily ascertain such information from its records. "The Court of Claims Act does not require [defendant] to ferret out or assemble information that section 11 (b) obligates the claimant to allege" (Lepkowski v State of New York, 1 NY3d 201, 208 [2003]; see Triani v State of New York, 44 AD3d 1032, 1032-1033 [2d Dept 2007]).
We have considered claimants' remaining contentions, and we conclude that they are without merit.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court