Panarello v State of New York (2024 NY Slip Op 51367(U))

[*1]

Panarello v State of New York

2024 NY Slip Op 51367(U)

Decided on September 19, 2024

Court Of Claims

Mejias-Glover, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 19, 2024
Court of Claims

Jeff Panarello, Claimant,

against
The State of New York, Defendant.[FN1]

Claim No. 141887

FOR CLAIMANT:
Jeff Panarello, Pro Se
FOR DEFENDANT: 
Letitia James, Attorney General
By: Kimberly A. Kinirons, Esq., AAG

Linda K. Mejias-Glover, J.

Defendant, the State of New York,
in lieu of answering this claim, moves by Notice of Motion dated April 1, 2024 seeking an order dismissing the claim pursuant to Sections 8, 9, 10 and 11 of the Court of Claims Act, and CPLR 3211(a)(2), (7), and (8). The motion has been fully briefed.
 Relevant Factual and Procedural Background
Claimant, a self-represented litigant filed this claim with the Court on March 14, 2024, and served same upon the Office of the Attorney General ("OAG") on March 22, 2024 (hereinafter, the "Claim"). The Claim contains allegations of discrimination, wrongful confinement, defamation, and denial of access to the courts, which stem from a series of [*2]judicial proceedings, primarily related to a bus accident that occurred in 2015 and subsequent legal actions in both state and federal courts, including lawsuits against Suffolk County and various state officials. Claimant alleges that he was subjected to discrimination based on his disability and denied equal access to the courts during the prior litigation, which led to significant harm. Claimant also asserts that the courts mishandled his prior cases, leading to wrongful confinement and defamation. According to Claimant, judicial misconduct played a role in the adverse outcomes of his previous lawsuits. As part of the Claim, Claimant has also raised issues of alleged violations of his constitutional rights. Claimant previously served a Notice of Intention to File a Claim upon the OAG on September 29, 2022, which set forth similar allegations as the Claim.

Parties' Relevant Arguments
In support of the motion, Defendant argues that the Claim is jurisdictionally defective as it does not comply with Court of Claims Act §11(b). With respect to any allegations that the judge in the State Supreme Court matters violated his rights based upon actions and/or rulings in the Supreme Court, Defendant argues that such claims are barred by the doctrine of judicial immunity. Defendant further argues that the Claimant's allegations related to defamation, discrimination, and denial of access to the courts are insufficiently plead and fail to meet the substantive pleading requirements under Section 11(b) of the Court of Claims Act for failure to state a cause of action. The Defendant also contends that allegations of federal constitutional violations are not within the jurisdiction of the Court of Claims, which only hears cases related to state law violations, and that the state remedy for violations of the State Constitution is very limited and only available when the claimant does not have an alternate remedy to redress the alleged wrong.
Defendant contends that the judges involved in Claimant's previous cases are protected by judicial immunity because the alleged misconduct occurred in the course of their judicial functions. Defendant also argues that Claimant has failed to present a legally cognizable cause of action as the allegations of discrimination, wrongful confinement, and denial of access to the courts are not supported by specific facts or legal standards.
In response, Claimant submits what he has labeled as "Order to Show Cause in Response to Defendant's Cross-Motion to Not Allow Counsel, et al, inter alia" (hereinafter, "Claimant's Opposition"). Though Claimant's Opposition is hand-written and in parts illegible, the Court has made out the following from it: "Order to Show Cause to direct the Defense to look at Exhibit A ([illegible], with respect, Your Honor), to see the meritorious proof of injury in Riverhead bus case wrongfully dismissed by state court, [illegible] meritorious." He makes no further arguments in his opposition, but attaches numerous documents.

Decision and Order
"Judicial immunity bars any action against judges of the State for their judicial acts, and the State is not liable for a judicial officer's alleged errors . . . Unless the judicial acts were performed in the absence of subject matter jurisdiction, judicial immunity applies" (Davey v State of New York, UID No. 2005-029-503 [Ct Cl, Mignano, J., July 14, 2005], affd 31 AD3d 600 [2d Dept 2006]). Here, Claimant has failed to establish that the actions of the Supreme Court judges were performed without any jurisdiction over the subject matter.
The State's waiver of immunity under Section 8 of the Court of Claims Act is conditioned upon a movant's compliance with specific conditions set forth in article II, including the time limitations set forth in section 10 (see, Alston v State of New York, 97 NY2d 159 [2001]). These requirements must be "strictly construed and a failure to comply therewith is a jurisdictional defect compelling the dismissal of the claim" (Hargrove v State of New York, 138 AD3d 777, 777-778 [2d Dept 2016], quoting Welch v State of New York, 286 AD2d 496, 497-498 [2d Dept 2001]; see Finnerty v New York State Thruway Auth., 75 NY2d 721, 722-723 [1989]).
Court of Claims Act § 11 (b) requires that a notice of intention or a claim "shall state the time when and place where such claim arose [and] the nature of same." Whether a claim is sufficient under Section 11 (b) is subject to strict scrutiny as sections 10 and 11 of the Court of Claims Act are jurisdictional (see Lepkowski v State of New York, 1 NY3d 201, 207 [2003]; see also Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]) and not waivable.
It is well-established that the failure to satisfy the substantive pleading requirements of Court of Claims Act § 11(b) is a jurisdictional defect that requires dismissal of the claim (see Hargrove v State of New York, 138AD3d 777 [2d Dept 2016]; Kolnacki v State of New York, 8 NY3d 277, 280-281 [2007]; Lepkowski at 206-207 [2003]; Czynski v State of New York, 53 AD3d 881, 882-883 [3d Dept 2008], lv denied 11 NY3d 715 [2009]).
The Court has reviewed the allegations contained within the four corners of the Claim and finds that the allegations contained therein are insufficient to satisfy the requirements of specificity of Court of Claims Act § 11 (b).

Decision and Order
For all of the foregoing, Defendant's motion is granted. 
Accordingly, it is hereby:
ORDERED that Defendant's motion to dismiss is GRANTED, and Claim No. 141887 is hereby DISMISSED in its entirety.
Dated: September 19, 2024
Hauppauge, New York
HON. LINDA K. MEJIAS-GLOVER,
Judge of the Court of Claims
Papers Read:
1. Notice of Motion to Dismiss, Affirmation in Support of Motion to Dismiss, Exhibits Annexed.
2. Order to Show Cause in Response to Defendant's Cross-Motion to Not Allows Counsel, et al, inter alia, Exhibits Annexed.
3. Affirmation in Opposition to Motion for Assignment of Counsel.
4. Response in Opposition to Defendant's Motion to Dismiss.

Footnotes

Footnote 1:
 The Court of Claims is a court of limited jurisdiction insofar as its reach extends only to New York State and certain public authorities as defendants (see Court of Claims Act § 9; Kevin A. Reilly, Practice Commentaries, McKinney's Cons Laws of NY; NY Const Art VI, § 9). Accordingly, the caption is amended sua sponte to remove NYS Courts to reflect the only properly named defendant, the State of New York.