Persaud v Gordon-Steele (2025 NY Slip Op 51326(U))

[*1]

Persaud v Gordon-Steele

2025 NY Slip Op 51326(U)

Decided on August 19, 2025

Court Of Claims 

Vargas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 19, 2025
Court of Claims

Kimberly Persaud, ADMINISTRATOR DBN, KIMBERLY FREEMAN-PERSAUD, ADMINISTRATOR DBN, AND POWER OF ATTORNEY (POA) MARCIA ROBINSON, Claimant,

against
Marva Gordon-Steele, GLORIA WEEKS, JOSEPH PUZO, JOHN G. INGRAM, BRIAN P. HURLEY, BERNARD GRAHAM, IRENA GOLODKEYER, WAVNY TOUSSAINT AND COMMISSION ON JUDICIAL CONDUCT, Defendants.

Claim No. 143075

For Claimant:
Kimberly Freeman-Persaud, pro se
For Defendants:
Hon. Letitia James, Attorney General of the State of New York
By: Lawrence E. Kozar, Esq., Assistant Attorney General

Javier E. Vargas, J.

Papers Considered:
Claim & Exhibits Annexed 1-46
Order to Show Cause 47
Affirmation in Response with Exhibit Annexed 48-49
Upon the foregoing papers, the Claim is hereby dismissed sua sponte for the following reasons.
By Claim filed December 31, 2024, Claimant Kimberly Freeman-Persaud purportedly with Power of Attorney over Marcia Robinson commenced the instant action against Defendants: attorneys Marva Gordon-Steele, Joseph Puzo, John G. Ingram and Brian P. Hurley; Brooklyn Surrogate Bernard Graham, Supreme Court Justice Wavny Toussaint, Court Attorney-Referee Irena Golodkeyer, the Commission on Judicial Conduct and former tenant Gloria Weeks, vaguely accusing Ms. Gordon-Steele of fraudulently taking control of claimant's grandmother's estate without proper citations, failing to post a required bond, and [*2]misappropriating estate funds and escrow amounts of $635,250, as well as liquid assets and properties allegedly valued at over $4 million (Claim, at 1, ¶ 2). Claimant further alleges that a personal injury action brought in Kings County Supreme Court in 2015 by Ms. Meeks against claimant's grandmother was fraudulent (id.). The Claim attaches a Verification dated September 24, 2024,[FN1]
the transcript of depositions in Week's personal injury matter, as well as numerous photos and exhibits of unrelated proceedings (id.). No answer has been filed by the State of New York (hereinafter "State").
Upon review of the file,[FN2]
this Court discovered that claimant failed to produce documentary evidence of proper service upon the Attorney General of the State of New York as required by Court of Claims Act § 11(a)(i). As a result, the Court sua sponte drafted and served the instant Order to Show Cause by first class mail upon claimant and the State, returnable July 16, 2025, ordering claimant to submit a statement relating to service of this Claim, referring to and including copies of any relevant affidavits establishing personal service or a copy of the certified mail, return receipt, evidencing proper service by that alternate method.
By Affirmation dated June 24, 2025, the State responds to the Motion, maintaining that the Attorney General's Office has never received service of the Claim or a notice of intention to file a claim, and supporting its argument with an Affidavit from Ching Wen Zhao, an Administrative Assistant 1 in the Claims Bureau in the New York City Office of the State's Attorney General. While listing some correspondence and orders received from the Court of Claims, Ms. Zhao affirms that based upon her personal review of the file and computer filing system maintained by the Office, no record was located establishing that the Attorney General was ever served with either a notice of intention to file a claim or this Claim. No response or opposition has been received from claimant.
It is well-settled that the State's waiver of absolute immunity under Court of Claims Act § 8 is contingent upon a claimant's compliance with the specific conditions to suit set forth in the Court of Claims Act (see Lepkowski v State of New York, 1 NY3d 201, 206 [2003]). Among these conditions is the service requirement contained in Court of Claims Act § 11(a)(i), which provides, in relevant part, that a copy of the claim "shall be served personally or by certified mail, return receipt requested, upon the attorney general within the times hereinbefore provided for filing with the clerk of the court" (see Bryne v State of New York, 104 AD2d 782,783 [2d Dept 1984], lv denied 64 NY2d 607 [1984]). Failure to serve a claim upon the Attorney General is a non-waivable jurisdictional defect which divests this Court of subject matter jurisdiction (Finnerty v New York State Thruway Auth., 75 NY2d 721, 723 [1989]; Caci v State of New York, 107 AD3d 1121, 1122 [3d Dept 2013]; Johnson v New York State, 71 AD3d 1355, 1355 [3d [*3]Dept 2010], lv denied 15 NY3d 703 [2010]).
Applying these principles to the matter at bar, it is apparent to this Court that claimant has failed to timely and properly serve the instant Claim. An affidavit of service has not been filed with the Court, and the State's Affidavit from Ms. Zhao sufficiently establishes that the Claim was never served upon the Attorney General as required by statute. Although claimant attached to the Claim so-called "Proof of Service," it merely consists of photos of a person mailing manila envelopes in a U.S. Mail postbox to Surrogate Graham, the Supreme Court and the Commission on Judicial Conduct. Suffice it to say, that is not proper service to commence an action in the Court of Claims (see Court of Claims Act § 11[a][i]). Absent proof of service of the Claim by one of the methods prescribed by Court of Claims Act § 11(a)(i), dismissal is therefore warranted.
Even setting aside the defective service, the Claim would be subject to dismissal under Court of Claims Act § 11(b), which requires a claim to "state the time when and place where such claim arose [and] the nature of same" (see Persaud v Kings Surrogate Court, UID No. 2023-060-036 [Ct Cl, Mejias-Glover, J., June 8, 2023]). It is well-settled that the failure to satisfy the substantive pleading requirements of Court of Claims Act § 11(b) is a jurisdictional defect that requires dismissal of the claim (see Kolnacki v State of New York, 8 NY3d 277, 280-281 [2007]; Lepkowski v State of New York, 1 NY3d 201, 206-207 [2003]; Czynski v State of New York, 53 AD3d 881, 882-883 [3d Dept 2008], lv denied 11 NY3d 715 [2009]). Indeed, the Court of Claims may sua sponte dismiss litigation when it discovers facts establishing a lack of subject matter jurisdiction (see Graham v State of New York, 212 AD3d 955, 955-956 [3d Dept 2023]; Hoffman v State of New York, 42 AD3d 641, 642 [3d Dept 2007]). 
The present Claim consists largely of scattered references to an estate dispute, a personal injury settlement, and alleged misconduct by private parties and attorneys, none of which establishes a viable cause of action within the jurisdiction of this Court. The Claim fails to identify a specific cause of action or statute violated and articulate whether the harm alleged is direct, derivative, or jurisdictionally attributable to the State. Despite references to alleged theft, fraud, and will-tampering, the Claim reads as a disjointed narrative rather than a pleading of facts supporting a cause of action. In fact, claimant's filing merely reiterates issues already decided or pending in other courts (see Persaud v Gordon-Steele, Index No. 519025/2023 [Kings Sup Ct, Edmead, J., 2023] [dismissal]; Weeks v Bailey, Index No. 11926/2015 [Kings Sup Ct, Toussaint, J., 2015] [settlement]; Matter of Bailey, 2023 NY Slip Op 75974[U] [2d Dept 2023] [dismissal]; Matter of Bailey, File Nos. 2018-2676/B, 2018-2676/C, 2019-3669/A [Kings Surrogate's Ct, Graham, S., 2024] [pending]). Therefore, the pleading is facially defective under Court of Claims Act § 11(b) and must be dismissed.
Moreover, to the extent the Claim attempts to bring allegations against judicial officers such as Surrogate Graham, Justice Toussaint or Court Attorney-Referee Irena Golodkeyer, the Claim is barred by the doctrine of judicial immunity. Judges are absolutely immune from liability for acts performed in their judicial capacity as "'critical to our judicial system'" (Mosher-Simons v County of Allegany, 99 NY2d 214, 219 [2002]), and the same protection extends to court clerks and attorneys performing quasi-judicial functions. The Court of Claims has no jurisdiction to entertain claims that effectively seek to review or overturn judicial acts of the Supreme or Surrogate's Courts.
Finally, it should be noted that this is the twelfth Claim filed by claimant before the undersigned suing a myriad of judges, individuals and agencies, and the sixth dismissed for [*4]failure to effectuate proper service or as meritless. In fact, claimant has a documented history of filing frivolous and repetitive claims for several years in the Court of Claims (see Persaud v Ross, UID No. 2025-049-014 [Ct Cl, Weinstein, J., May 2, 2025]; Persaud v State of New York, UID No. 2025-064-050 [Ct Cl, Vargas, J., July 1, 2025], Persaud v Kings Surrogate Court, UID No. 2023-060-036 [Ct Cl, Mejias-Glover, J., June 8, 2023]). As eloquently stated in Sassower v Signorelli (99 AD2d 358, 359 [2d Dept 1984]):
[A] litigious plaintiff pressing a frivolous claim can be extremely costly to the defendant and can waste an inordinate amount of court time, time that this court and the trial courts can ill afford to lose (see Harrelson v United States, 613 F2d 114). Thus, when, as here, a litigant is abusing the judicial process by hagriding individuals solely out of ill will or spite, equity may enjoin such vexatious litigation . . .
Under these circumstances, it is well within the power of the courts to require certain litigants, those who bring an excessive number of frivolous claims or other proceedings, to obtain express permission of the Presiding Judge (or his designee) before being allowed to institute additional actions or proceedings (see Jackson v Deer Park Ventures, 9 Misc 3d 1123[A], 2005 NY Slip Op 51762[U] [Sup Ct, Kings County 2005]; Brady v State of New York, et al., UID No. 2007-028-559 [Ct Cl, Sise, P.J., Jul. 16, 2007], affd for reasons stated below 58 AD3d 992 [3d Dept 2009]). 

In light of claimant's history of repetitive, excessive and frivolous litigation in many courts, and the number of applications and motions that she has recently made in this Court, placing a reasonable restriction on her ability to freely initiate additional litigation is entirely appropriate here (see id.; Sassower v Signorelli, 99 AD2d at 359). Claimant is not prevented from bringing meritorious claims, as it has been recognized that permission must be granted if the litigant establishes that the proposed claim is based on allegations "leading to a conclusion" that the State was at fault (Lee v State of New York, Claim No. 92855 [Ct Cl, Mega, P.J, Mar. 19, 1996]; see Lee v State of New York, Claim No. 79553, Motion No. M-41426 [Ct Cl, Corbett, P.J., Dec. 7, 1990]). "Thus, as long as [claimant] drafts a claim based on factual allegations that could lead to the conclusion that the State was at fault and liable to [her] for money damages, [her] right to commence an action in this Court is not hampered in any way" (Brady v State of New York, et al., UID No. 2007-028-559). All she has lost is the right to commence as many frivolous and/or patently non-meritorious claims as she wishes.
Accordingly, on the Court's own Motion, Claim No. 143075 is hereby dismissed, and claimant is hereby required to obtain express permission of the Presiding Judge (or his designee) before being allowed to institute any additional actions or proceedings in the Court of Claims (see Cangro v Cangro, 288 AD2d 417 [2d Dept 2001]; Duffy v Holt-Harris, 260 AD2d 595 [2d Dept 1999]; Braten v Finkelstein, 235 AD2d 513, 514 [2d Dept 1997]). Any violation of this Order may subject Ms. Freeman-Persaud to costs, sanctions and/or contempt proceedings.
August 19, 2025
New York, New York
JAVIER E. VARGAS
Judge of the Court of Claims

Footnotes

Footnote 1:Not only does the Verification dated September 24, 2024, improperly reflects a date before the Claim's accrual date of December 17, 2024, but claimant is a serial filer of proceedings in the Court of Claims and other courts, who appears to have used this same Verification to accompany numerous other indecipherable Claims (see Claim Nos. 142697, 142698, 142726, 142795, 143172).

Footnote 2:Although the matter was initially assigned to the Hon. Jeanette Rodriguez-Morick, by Order filed May 22, 2025, Court of Claims Presiding Judge Richard E. Sise transferred the matter to the undersigned.